**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DAWN RENEE HERIOT,

  Plaintiff,

v.              Case No. 09-14783

591182 ONTARIO LIMITED, et al.,

  Defendants.
                 /

**OPINION AND ORDER**
**DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND**
**DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

On July 19, 2010, Plaintiff filed a motion for partial summary judgment. On July 20, 2010, Defendants filed a motion for summary judgment. Because Plaintiff's claim requires the resolution of disputed issues of material fact, complete or partial summary judgment is inappropriate for either side and the court will deny both motions.

**I. BACKGROUND**[1]

This case sounds in negligence under state law and is before this court on diversity of citizenship. On January 22, 2009, Defendant Manual Cordeiro, Jr., attempted to park a commercial truck at a Sunoco gas station and truck stop in Detroit. Cordeiro was an employee of Defendant 591182 Ontario Limited, d/b/a Wolverine Freight Systems, acting within the course and scope of his employment at that time. Cordeiro decided to park in an empty space adjacent to the driver's side of a truck driven by Robert Matt. Shortly before Cordeiro began backing his truck into the space,

---

[1]The following facts are undisputed unless otherwise noted.

he observed Plaintiff Dawn Renee Heriot standing on the driver's side running board of Matt's truck. Heriot and Matt were speaking at that point, soliciting Matt to engage in acts of prostitution. Heriot then alighted from the running board and stood in the path of Cordeiro's truck while dusting off her clothes. Plaintiff contends she was standing in, but at the side, of the parking space. (Pl. Resp. Ex. I, Matt Aff., at ¶ 9.) Defendants contend she was standing in Cordeiro's blind spot, directly behind his truck. (Def. Mot. Ex. 7, Baareman Aff., at 3.) Cordeiro did not sound his truck's horn. While backing into the parking space, Cordeiro's truck struck Heriot. As a result, Heriot suffered severe injuries to her legs and lower body. These injuries required extensive treatment, but Plaintiff and Defendants dispute whether they have affected her ability to lead her normal life. (Pl. Mot. 17; Def. Resp. 10.)

On November 12, 2009, Plaintiff filed a complaint for negligence in Wayne County Circuit Court. On December 8, 2009, Defendants removed to this court based on diversity of the parties. On February 4, 2010, a scheduling order issued. It required each party file a preliminary witness list on or before February 19, 2010. It further required each party file a final witness list on or before June 7, 2010. Plaintiff filed one "Witness List"—labeled neither preliminary nor final— on March, 2, 2010. It met neither the deadline for the preliminary witness list nor the descriptive requirement for the final witness list. Defendants timely filed both preliminary and final witness lists. Expert reports required by Federal Rule of Civil Procedure 26(a)(2)(B) were required to be provided to opposing counsel at various points prior to June 21, 2010, by any party intending to present expert testimony. Defendants assert they have received no reports from Plaintiff's intended expert witnesses, Matt and Donald Asa. (Def. Mot. 4.) Plaintiff

asserts she has provided an affidavit by Matt, but no other reports for Matt or Asa. (Pl. Mot. 15-16.)

## II.  STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  "In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor."  *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003).  "Where the moving party has carried its burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record, construed favorably to the non-moving party, do not raise a genuine issue of material fact for trial, entry of summary judgment is appropriate."  *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).

The court does not weigh the evidence to determine the truth of the matter, but rather, to determine if the evidence produced creates a genuine issue for trial.  *Sagan*, 342 F.3d at 497 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).  The moving party discharges its burden by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."  *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004) (citing *Celotex*, 477 U.S. at 325).  The burden then shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  The non-moving party must put

forth enough evidence to show that there exists "a genuine issue for trial." *Horton,* 369 F.3d at 909 (citing *Matsushita*, 475 U.S. at 587). Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Anderson*, 477 U.S. at 251-52.

The existence of a factual dispute alone does not, however, defeat a properly supported motion for summary judgment—the disputed factual issue must be material. *See id.* at 252 ("The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict – 'whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed.'" (alteration in original) (citation omitted)). A fact is "material" for purposes of summary judgment when proof of that fact would establish or refute an essential element of the claim or a defense advanced by either party. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (citation omitted).

## III. DISCUSSION

Plaintiff claims that Cordeiro violated safety statutes, admitted negligence, and admitted facts sufficient to find negligence as a matter of law. Plaintiff further claims that there is no genuine issue of material fact regarding whether she suffered "serious impairment of body function," allowing recovery for noneconomic damages under Mich. Comp. Laws 500.3134(1). Defendants deny both claims.

Defendants claim that Plaintiff's violations of the scheduling order and other alleged discovery violations require exclusion of Plaintiff's witnesses under Federal Rule of Civil Procedure 37(c)(1). Defendants further claim that Plaintiff's negligence claim

4

cannot succeed without an expert witness, and Plaintiff has not timely disclosed any expert witness. Defendants further claim that no reasonable basis exists for failing to find Plaintiff more than 50% at fault for the injuries, barring recovery. Finally, Defendants claim that Plaintiff was engaged in soliciting prostitution at the time of the injury and is therefore barred from recovering by Michigan's wrongful conduct rule. Plaintiff denies these claims.

Defendants' motion is considered first, as it would be dispositive if granted. Because the court will deny Defendant's motion, it next considers Plaintiff's motion. The court likewise will deny Plaintiff's motion.

### A. Defendants' Motion

### 1. Rule 37(c)

Defendants first seek summary judgment by arguing that Plaintiff's failure to comply with the scheduling order has left her without evidence to present at trial. Under Federal Rule of Civil Procedure 37(c)(1), a party may not rely on the testimony of a witness in a motion or at trial unless the party has identified the witness as required by Federal Rule of Civil Procedure 26(a). The prohibition also extends to any information or witness where the supplemental disclosure required by Rule 26(e) has not been made. Fed. R. Civ. P. 37(c)(1). Exclusion of undisclosed evidence is "automatic and mandatory" under Rule 37(c)(1), "unless non-disclosure was justified or harmless." *Dickerson v. Cardiac and Thoracic Surgery of E. Tenn.*, 388 F.3d 976, 983 (6th Cir. 2004) (quoting *Musser v. Gentiva Health Svcs.*, 356 F.3d 751, 756 (7th Cir. 2004)). For an error to be harmless, it must be the result of an honest mistake, and the other party must have sufficient notice to enable it to anticipate the witnesses and their testimony.

5

*See Roberts ex rel. Johnson v. Galen of Va., Inc.*, 325 F.3d 776, 783 (6th Cir. 2003); *Sommer v. Davis*, 317 F.3d 686, 692 (6th Cir. 2003).

In the instant case, there is no question that Defendants had such notice of the names and nature of the testimony to be offered by Plaintiff's witnesses. Plaintiff filed a witness list on March 2, 2010. (*See* Mar. 2, 2010, Witness List.) Plaintiff contends this generically labeled "Witness List" is its final witness list. (Pl. Resp. 3.) Although that list is lacking in the descriptive information required by the scheduling order, Plaintiff's witnesses include many who are listed on Defendants' preliminary and final witness lists. Heriot, Matt, Cordeiro, and various physicians appear on the lists of both parties. Heriot, Matt, and Cordeiro were deposed by both parties. Defendants clearly had "sufficient knowledge" of the evidence Plaintiff intends to present. *Sommer*, 317 F.3d at 692. There is also nothing in the record to indicate Plaintiff's failure to provide the proper witness lists was a nefarious attempt to work an unfair surprise against the Defendants. Plaintiff is not innocent of all wrongdoing, and her disregard of the scheduling order may be considered with respect to motions in limine; however, failure to file a preliminary witness list and failure to provide descriptive information on witnesses well-known to the opposing parties are not grounds for the extreme remedy of barring all witnesses.

Defendants also levy much weightier accusations against Plaintiff, alleging that "Plaintiff lied about her employment, hobbies, prior injuries and treatment, injuries claimed from this accident, as well as her prior criminal history." (Def. Mot. 4.) Defendants also claim that Plaintiff "submitted false answers to numerous interrogatories" and "only executed the signature page to her interrogatory answers, and

did not review any of the answers prepared by her counsel prior to doing so." (Def. Mot. 4.) If true, such intentional falsity would undermine the discovery process and warrant severe sanctions by this court. The underlying actions, however, are plausibly explained in Plaintiff's response. Plaintiff responds that she was confused or forgetful about certain facts, and Plaintiff claims she responded truthfully to the best of her recollection throughout discovery. (Pl. Resp. 10-12.) Defendants provide no clear examples of contradiction on material facts, nor do Defendants present any evidence of anything beyond inaccuracies on incidental facts. Plaintiff's deposition also clearly indicates that she did provide answers, which were then typed and formatted by another person. (Def. Mot. Ex. 4, Heriot Dep., 5-9.) Defendants have not shown that Plaintiff failed in her duty to supplement under Rule 26(e), so the court will not impose a complete bar on the information under Rule 37(c)(1). Fed. R. Civ. P. 26(e); Fed. R. Civ. P. 37(c)(1).

Additionally, the discrepancies and inaccuracies merely raise a question of credibility. Questions of credibility are reserved for the trier of fact, not to be decided by the court in conjunction with a motion for summary judgment. For the foregoing reasons, Defendants have failed to show that Plaintiff should be prohibited under Federal Rule of Civil Procedure 37 from introducing evidence. Therefore, Plaintiff has produced evidence to present at trial and for the instant motions.

### 2. Expert Testimony

Defendants next move for summary judgment based on Plaintiff's lack of expert testimony. Plaintiff responds that experts are not required in this case, but Matt and Asa may nonetheless be called as experts. (Pl. Resp. 15-16.) Plaintiff is correct on the

7

former point but not on the latter point.  The identity of any expert witness must be disclosed, and this disclosure must be accompanied by an expert report.  Fed. R. Civ. P. 26(a)(2).  Plaintiff seeks to circumvent this latter requirement by offering the affidavit of Matt.  (Pl. Resp. Ex. I.)  Matt's affidavit is insufficient because it omits both Matt's qualifications and a statement of any compensation to be paid.  See Fed. R. Civ. P. 26(a)(2)(B).  Furthermore, Matt's affidavit does not express any opinions, aside from the bare assertion that Cordeiro "was at fault."  (Pl. Resp. Ex. I at ¶ 11.)  Even this level of attempt at disclosure is absent with respect to Asa.  Therefore, Plaintiff has not presented and may not hereafter present any expert testimony.

Although Defendants correctly note that Plaintiff cannot present the testimony of her proposed experts, Defendants misread the law of the State of Michigan with respect to the requirement of expert testimony in negligence cases.  No expert testimony is required for Plaintiff's negligence claim.  Plaintiff alleges ordinary negligence under Michigan law, which consists of four elements: duty of care, breach of the duty, causation, and injury.  *See Gass v. Marriott Hotel Services*, 558 F.3d 419, 429 (6th Cir. 2009) (citing *Henry v. Dow Chem. Co.*, 701 N.W.2d 684, 688 (Mich. 2005)).  Expert testimony is required in complex cases involving technical knowledge "beyond the ken of the layman."  *Id.* at 430 (quoting *Thomas v. McPherson Cmty. Health Ctr.*, 400 N.W.2d 629, 631 (Mich. 1986)).  While parking a commercial truck is not identical to the experience of parking a non-commercial vehicle, it cannot be said to be so far beyond the ken of the average juror to place it beyond the boundaries of ordinary standards of care.  As such, Plaintiff need not produce experts to opine on any stands of professional skill and care.  Therefore, Defendants' motion in unwarranted on this basis.

### 3. Plaintiff's Fault

Defendants next contend that Plaintiff is barred by Michigan Compiled Laws § 500.3135(2)(b) from recovering damages because any reasonable juror must find that she was more than 50% at fault. Section 500.3135 establishes a modified comparative fault regime, under which an injured party cannot recover any damages if she is more than 50% at fault. Mich. Comp. Laws § 500.3135(2)(b). Defendants claim that summary judgment is appropriate on this basis because there is no genuine issue of material fact regarding the degree of Plaintiff's fault, which they allege is more than half of all fault leading to the injuries. (Def. Mot. 8-10.) Plaintiff responds that Defendants are clearly at fault and were negligent per se. (Pl. Resp. 20-21.)

While it is appropriate to grant summary judgment when a defendant shows a plaintiff bears more than half the fault, this is appropriate only where no reasonable juror could find otherwise. *See Huggins v. Scripter*, 669 N.W.2d 813 (Mich. 2003) (table). Although Defendants correctly argue that Plaintiff had a duty to exercise care for her own safety, Plaintiff correctly responds that Defendants likewise had a duty to take care for the safety of pedestrians. (Def. Mot. 9-10; Pl. Resp. 20.) Here, the evidence is equivocal as to the relative fault of the parties. It is uncontested both that Plaintiff was facing away from Cordeiro's truck when struck and that Cordeiro observed Plaintiff on Matt's truck at some point before the injury. The facts not in dispute do not so favor either party that any issues of fact bearing on the level of Plaintiff's fault could not be genuine. Therefore, summary judgment is inappropriate. *See* Fed. R. Civ. P. 56(c).

### 4. Wrongful Conduct Rule

Defendants similarly argue that plaintiff is barred by the "Wrongful Conduct Rule" under Michigan law. (Def. Mot. 10-13.) The wrongful conduct rule generally prohibits a plaintiff from bringing a claim based upon his own illegal conduct. *Orzel v. Scott Drug Co.*, 537 N.W.2d 208, 212-13 (Mich. 1995). To this general rule there are numerous exceptions. *Id.* at 214. The reach of the wrongful conduct rule extends to violations of penal statutes but not mere safety ordinances. *Id.* As such, the alleged prostitution activities would place Plaintiff's injuries within the rule, but merely being a pedestrian in an area allegedly reserved for commercial vehicles would not. Even if Plaintiff had gone to the location to engaged in illegal activity and had engaged in illegal activity while speaking with Matt, this alone would be insufficient to find that she was still engaged in illegal activity when struck by Cordeiro's truck or that the prior illegal activity stands in a causal relationship to the injury. "The fact that a person has been guilty of a wrong in one particular does not make him an outlaw or forfeit his right to legal protection . . . ." *Id.* at 215 (quoting 1A CJS, Actions, § 30, pp. 388-89). Thus, there are no genuine issues of fact that must be resolved before Plaintiff comes within the ambit of the wrongful conduct rule. Since Plaintiff's activities are the subject of a bona fide factual dispute, this court may not grant summary judgment on this ground. *See* Fed. R. Civ. P. 56(c).

All Defendant's grounds for summary judgment have proven untenable. Therefore, Defendants' motion for summary judgment will be denied.

### B. Plaintiff's Motion

#### 1. Negligence

Plaintiff makes three arguments in support of its motion for summary judgment on Defendants' negligence. The first is a factual contention that Cordeiro knew or should have known of the risk to Plaintiff and failed to take reasonable precautions. In support of this contention, Plaintiff depends heavily on the statement of Matt that Cordeiro "was not paying attention" and "was at fault." (Pl. Mot. Ex. 2, Matt Aff., at ¶ 11.) Cordeiro also admitted seeing Plaintiff on Matt's running board at some point prior to the impact. (Pl. Mot. Ex. 3, Cordeiro Dep., at 69.) Cordeiro never gave any warning before backing into the parking space. (*Id.* at 99.) The cases Plaintiff offers in support of her contention of negligence merely establish the sufficiency of such facts as the basis of a factual finding of negligence. While it may be true that "failure to give warning prior to backing an automobile is *at least evidence* of negligence," it does not require a finding of negligence. *Kinsler v. Simpson*, 240 N.W. 98, 99 (Mich. 1932) (emphasis added). Whether Cordeiro breached a duty of care in the particular circumstances that existed is a question of fact for the jury. *Case v. Consumers Power Co.*, 615 N.W.2d 17, 20 (Mich. 2000). A reasonable jury could find that Cordeiro exercised the appropriate level of care in backing into a parking space at a truck stop under the conditions as they existed. The mere existence of an injury does not prove negligence.

Plaintiff's second argument depends entirely on the finding of 591182 Ontario Limited that Cordeiro was "at fault" for the accident. (Pl. Mot. 11.) Defendants correctly note that the accident was found to be "preventable" under the Federal Motor Carrier Safety Regulations. 49 C.F.R. § 385.3. Under those regulations, an accident is a "preventable accident" if it involves a "commercial motor vehicle" and "could have been averted but for an act, or failure to act, by the motor carrier or the driver." 49 C.F.R. § 385.3. This standard differs substantially from the "reasonable care" standard of

11

negligence.  *Case*, 615 N.W.2d at 10.  Defendants' supposed admission of fault, therefore, cannot support summary judgment.  Issues of material fact remain in the differences between these definitions.

Plaintiff's third argument rests upon a theory of negligence per se.  (Pl. Reply 3.)  This cannot be seen as anything but a misreading of Michigan law.  The first proposed statutory violation arises from a law requiring drivers "*when reasonably necessary* to insure safe operation give audible warning with his horn."  Mich. Comp. Laws § 257.706(a) (emphasis added).  As above, whether it was "reasonably necessary" under the circumstances to sound the truck's horn is a factual question for the jury.  The second proposed statutory violation arises under a statutory duty "to keep an assured clear distance" under 257.627(1).  (Pl. Reply 3.)  The statutory language in relevant part merely prohibits "operat[ing] a vehicle upon a highway at a speed greater than that which will permit a stop within the assured, clear distance ahead."  Mich. Comp. Laws §257.627(1) (titled "Speed Restrictions").  This statute is wholly inapplicable to the instant case.  Therefore, no statutory violation supports Plaintiff's claim for summary judgment of negligence per se.

## 2. Serious Impairment of Body Function

Plaintiff also moves for summary judgment with respect to the issue of whether she suffered a "serious impairment of body function."  Mich. Comp. Laws § 500.3135(7).  If she has suffered a "serious impairment of body function," Plaintiff may be able to recover noneconomic losses shown to be caused by Defendants.  Mich. Comp. Laws § 500.3135(1).  Both parties agree the three part test of *McCormick v. Carrier* applies.  No. 136738, 2010 WL 3063150 (Mich. July 31, 2010).  Both parties also agree that

Plaintiff's injuries meet the first two criteria: "an objectively manifested impairment" and "of an important body function." See Id. at *5, *7. The only remaining issue is whether Plaintiff's impairment is one "that affects the person's general ability to lead his or her normal life." See Id. at *7. This issue "requires a subjective, person- and fact-specific inquiry" to determine whether Plaintiff's "normal life" has been affected. Id. at *8. Whether the issues of material fact involved in this determination are genuine is a close call. Plaintiff has clearly suffered temporary and perhaps permanent physical impairments that will impede her in undertaking ordinary tasks, such as walking normally and doing household chores. (Pl. Mot. 17.) Defendants respond that Plaintiff's situation has not substantially worsened because she can still engage in the same general activities after the injury. (Def. Resp. 10.) Defendants' contention that the injuries "helped Plaintiff jettison the lifestyle that caused her injuries in the first place" will not itself bar Plaintiff from recovering if damages are proven. (Def. Resp. 10). Since the determination of this remaining issue will depend heavily on facts of the Plaintiff's life and because the same facts will be relevant to the determination of the extent of Plaintiff's injuries, the court will conclude there is a genuine issue of material fact for the jury to determine. Therefore, Plaintiff's partial motion for summary judgment will be denied.

## IV. CONCLUSION

Because there are multiple disputed issues of material fact, summary judgment is inappropriate, and the parties' cross motions will be denied.

IT IS ORDERED that "Plaintiff's Motion for Partial Summary Judgment" [Dkt. # 26] is DENIED.

IT IS FURTHER ORDERED that "Defendants' Motion for Judgment" [Dkt. # 29] is DENIED.

                    S/Robert H. Cleland
                    ROBERT H. CLELAND
                    UNITED STATES DISTRICT JUDGE

Dated: September 14, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 14, 2010, by electronic and/or ordinary mail.

                    S/Lisa Wagner
                    Case Manager and Deputy Clerk
                    (313) 234-5522